(17 Misc. Rep. 731.)

## TALMADGE v. LANE.

### (Ontario County Court. August, 1896.)

STATUTE OF FRAUDS—SALE OF PERSONALTY—FUTURE CROPS.
   A contract by which one party is to raise a crop and the other is to purchase it at a certain price is not a contract of sale.

Appeal from justice court.

Action by Mark Talmadge against Albert T. Lane. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Hill & Shaw, for appellant.
French & Coon, for respondent.

METCALF, J. The defendant appeals from a judgment rendered before a justice of the peace of the town of Victor upon a verdict of a jury. In the month of May, 1895, the plaintiff and the defendant made a verbal agreement that the plaintiff was to raise a crop of potatoes, which the defendant was to purchase in November at the agreed price of 40 cents per bushel. Thereafter the plaintiff tendered to the defendant the marketable potatoes so raised by him, being 550 to 600 bushels, for which the defendant declined and refused to pay. The defendant contends that as the agreement was one of sale, and the amount was for more than $50 in value, it came within the pro-

hibition of the statute of frauds, and cannot be enforced by the plaintiff. The plaintiff, on the other hand, contends that the agreement was one for work and labor, or for services, and therefore not within the statute. The statute referred to is, "Every contract for the sale of any goods, chattels or things in action for the price of $50, or more, shall be void," etc. Our statute differs in some respects from the English and Massachusetts statutes, but there is more variance between the decisions of our courts and the English and Massachusetts cases construing this statute. The distinction, as defined by our courts, is that we lay stress on the word "sale," and that there must be a sale at the time the contract is made, to bring the case within the prohibition of the statute, while the English and Massachusetts cases hold that if the product can, at the time stipulated for the delivery, be regarded as goods, wares, and merchandise, the case then falls within the prohibition of the statute. The rule, as recognized in this state, is "that an agreement for the sale of any commodity not in existence at the time, but which the vendor is to manufacture, or put in a condition to be delivered, such as flour from wheat not yet ground, or nails to be made from iron belonging to the manufacturer, is not a contract of sale." Cooke v. Millard, 65 N. Y. 359; Parsons v. Loucks, 48 N. Y. 17; Deal v. Maxwell, 51 N. Y. 652; Manufacturing Co. v. Holbrook, 118 N. Y. 593, 23 N. E. 908; Joy v. Schloss, 15 Abb. N. C. 373. Applying the rule thus deduced from these decisions, no other conclusion can be arrived at but that the agreement between these parties cannot be said to be a contract of sale, but must be held as not coming within the statute, as the subject of the sale had no existence or potential existence at the time of making the agreement which would permit of its delivery. For these reasons the judgment appealed from is affirmed, with costs.

Judgment affirmed, with costs.